STATE OF MISSISSIPPI *v.* RICHARD M. MORGAN.

1. BOARD OF SUPERVISORS. *Highways. Jurisdiction. Code* 1880, § 832. *Code* 1892, § 3892.

The record of proceedings of the board of supervisors purporting to establish a public road, under code 1880, § 823, code 1892, § 3892, providing for such proceedings, is void if it fail to show the jurisdictional facts. *Craft* v. *De Soto County, ante,* 618.

2. SAME. *Case. Obstruction. Code* 1892, § 1145.

Where the petition for the establishment of a public road, and the entire record of the board of supervisors thereon failed to show that ten of the petitioners were freeholders or householders of the county, as required by the statute, and did not show that the commissioners appointed to lay out the road were such freeholders or householders, the proceeding was void, and the road claimed to have been established thereunder was not a public road, and the obstruction of such a road is not a crime within code 1892, § 1145, making it a misdemeanor to obstruct a highway.

3. CRIMINAL PROCEDURE. *Constitution* 1890, *sec.* 169.

An affidavit charging crime, to give validity to the prosecution, must, as required by the constitution of 1890, sec. 169, conclude against the peace and dignity of the state.

FROM the circuit court of, second district, Carroll county.

HON. WILLIAM F. STEVENS, Judge.

Morgan, appellee, was prosecuted for obstructing a public road, was convicted in the justice's court, but the case on appeal was decided in his favor in the circuit court, and the state appealed to the supreme court. The facts are fully stated in the opinion of the court. Code 1892, § 1145, upon which the prosecution was based, is as follows:

"1145 (2871). THE SAME; CUTTING TREES INTO OR OBSTRUCTING ROAD OR STREAM.—If any person shall fell any bush or tree into any public highway, or obstruct the same in any manner whatever, or shall fell any bush or tree into a stream

not less than one hundred and fifty feet wide, or obstruct the same in any way whatever, and shall not remove the obstruction immediately, it shall be deemed a misdemeanor, and, on conviction thereof, the offender, in addition to the penalty recoverable by law, shall be fined not more than fifty dollars or be imprisoned not more than one week."

*Monroe McClurg,* attorney-general, for appellant.

*J. N. Flowers,* for appellee.

TERRAL, J., delivered the opinion of the court.

The appellee was prosecuted upon a criminal charge before a justice of the peace of Carroll county, made in the following words:

"STATE OF MISSISSIPPI, CARROLL COUNTY: Before me, John C. Calhoon, a justice of the peace of the county aforesaid, Henry Bullock makes oath that on the 10th of September, 1901, R. M. Morgan obstructed the public highway known as the 'Midway and Blackmonton public road,' by felling bushes and trees across said road, and did not immediately remove the same, against public interest, and against the statute provided.

                            "HENRY BULLOCK.

"Sworn to and subscribed before me this 16th day of September, 1901.

                     "JOHN C. CALHOON,
                         "Justice of the Peace."

Being convicted upon this charge, he appealed to the circuit court, and was there tried anew. Upon the trial in the circuit court it appeared that the Midway and Blackmonton public road was laid out and established in pursuance of a petition of D. C. Brewer and seventeen other residents of beat 5 of Carroll county. There is nothing in said petition, or in the other proceedings of the board of supervisors of said county in the location and establishment of said road, to show that ten of said

petitioners were freeholders or householders of said county, interested in said road, as is required by § 823, code 1880, under which said proceedings were had. Nor did said proceedings show that the commissioners appointed to mark and lay out said road were freeholders or householders, and residents of said county.

1. In *Craft* v. *DeSoto County,* ante 618, S. C., 31 So. Rep., 204, it was held that a proceeding to lay out a public road was one unknown to the common law; that the tribunal locating and establishing the public road was exercising a naked, statutory power, and that the proceedings must, upon their face, show a strict conformity with the statute conferring such power, and the want of such conformity rendered the action of the tribunal void. If our holding in that case is correct, then the Midway and Blackmonton road was not established in conformity with the statute, and it was not a public highway, and the obstruction of it by the defendant was not indictable.

2. This prosecution is void for another reason. The constitution provides: "Sec. 169. The style of all process shall be 'The State of Mississippi,' and all prosecutions shall be carried on and in the name and by authority of the 'State of Mississippi,' and all indictments shall conclude 'against the peace and dignity of the state.'" In *Love* v. *State* (Miss.), 8 So. Rep., 465, it was held that an affidavit charging a violation of a criminal statute must conclude "against the peace and dignity of the State of Mississippi," and that one neglecting such requirement is fatally defective. These provisions of the constitution serve the great purpose of making a distinction between a public prosecution, instituted in vindication of public justice, and a private prosecution, conducted from private motives and from personal feelings—a purpose worthily enthroned in the organic laws; and these provisions should be strictly observed both in their letter and in their spirit. The form of the charge here made

was so defective that it would not have supported a conviction, if had, and a verdict was properly given for appellee on this ground also.

*Affirmed.*