MALACHI MILLER v. STATE OF MISSISSIPPI.

CRIMINAL LAW AND PROCEDURE. *Misdemeanors. Affidavit. Amendment. Conclusion. Constitution 1890, § 169.*

The validity of an amended affidavit, upon which a prosecution for a misdemeanor is based, when it is independent of, and a substitute for the original one, must be determined from its face, and if it fail to conclude with the words (as required by constitution of 1890, § 169) "against the peace and dignity of the state" a conviction under it is a nullity.

FROM the circuit court of, first district, Coahoma county.

HON. SAMUEL C. COOK, Judge.

Miller, appellant, was prosecuted for a misdemeanor, convicted in the court below and appealed to the supreme court. The opinion states the case.

*D. A. Scott*, for appellant.

*William Williams*, assistant attorney-general, for appellee.

CALHOON, J., delivered the opinion of the court.

The original affidavit is an attempt, in one paragraph, to charge both an unlawful sale of intoxicants and a solicitation of orders for sale, but, as matter of law, it charges neither. The district attorney, seeing the defects, got leave and filed an "amended affidavit" which confines the charge to the solicitation, but, inadvertently, omits to conclude with the words required by the constitution "against the peace and dignity of the state," which are indispensable. Constitution 1890, sec. 169; *State* v. *Morgan*, 79 Miss., 659. *Love* v. *State*, 8 So. Rep., 465.

Because of this omission the prosecution is a nullity, as the cases cited hold. The amendment purports to be an "amended affidavit" and must stand or fall by itself. It does not merely amend on leave had to add to, or take from, or interpolate words in the original. It is quite plainly an independent document—a substitute for the old one.

Another amendment may show an unlawful solicitation, and, in a separate count, an unlawful sale, if that also be relied on, so as to convict on either; or both, if the proof warrants. *West* v. *State*, 70 Miss., 599.

*Reversed and remanded.*