CLINGAN *v.* STATE.

(Division A.   May 19, 1924.)

[100 So. 185.  No. 24083.]

INDICTMENT AND INFORMATION.  *Indictment not concluding with words*
*"against the peace and dignity of the state" is void.*
Under section 169 of the Constitution of 1890, requiring that all
indictments for crimes shall conclude "against the peace and
dignity of the state," an indictment leaving off such conclusion
charges no offense and is void.

_____

*Headnote 1.  Indictment and Information, 31 C. J., section 103.

APPEAL from circuit court of Tishomingo county.
HON. C. P. LONG, Judge.
Clovis Clingan was convicted of having possession of
intoxicating liquor, and he appeals.  Reversed and re-
manded.

*T. A. Clark,* for appellant.

The affidavit on which appellant was tried and con-
victed does not conclude "against the peace and dignity
of the state."  Section 169 of the Constitution provides:
"The style of all process shall be 'the state of Missis-
sippi,' and all prosecutions shall be carried on in the name
and by authority of the 'state of Mississippi,' and all in-
dictments shall conclude 'against the peace and dignity of
the state.'  This affidavit concludes 'against the peace and
dignity of the town of Golden.' "  *State* v. *Campbell*
(Mo.), 210 Mo. 403, 14 A. & E. Ann. Cas. 403, is a case
exactly like the case at bar where the authorities are col-
lated and discussed on a constitutional provision like
ours.  The law generally is that where the constitution of
a state requires an indictment to conclude in a certain
form as designated in the constitution, a substantial com-
pliance is necessary and not a literal compliance.  See,
also, *Rive* v. *State,* 3 Heisk. (Tenn.) l. c. 220; *Nichols* v.

*State,* 35 Wis. 308; *Williams* v. *State,* 27 Wis. 402; *Lemmons* v. *State,* 4 W. Va. 755, 6 Am. Rep. 293; *Thompson* v. *State,* 15 Tex. App. 39, and again at page 168.

Our own court has construed the section of the constitution relative to the conclusion of indictments in accordance with our contention; *Love* v. *State,* 8 So. 405; *State* v. *Morgan,* 79 Miss. 659, 31 So. 338; *Miller* v. *State,* 81 Miss. 162, 32 So. 951.

Under the holdings of our court the affidavit in the case at bar does not even start to conclude against the peace and dignity of the state and not being a trial for the violation of a town ordinance and the justice of the peace of the fifth district not having any jurisdiction to try town cases this conviction cannot stand.

*E. C. Sharp,* Assistant Attorney-General, for the state.

There were originally two cases, one an appeal from a conviction in the court of the mayor of the town of Golden, and this case from the justice court, both cases growing out of the same transaction. The two cases were tried together by agreement. Appellant demurred to the affidavit from the mayor's court because it concluded "against the peace and dignity of the state of Mississippi," and not against the ordinances of the town of Golden. The demurrer was promptly sustained by the court. No demurrer or objection was filed in the lower court to the affidavit in the present case, although it concludes "against the peace and dignity of the town of Golden." It is very evident that in the signing of the affidavits a mistake was made by the mayor and justice of the peace, each signed the wrong affidavit.

There can be no question of the guilt of the party, so the only question before the court is whether or not the affidavit is a nullity in not concluding "against the peace and dignity of the state of Mississippi" as required by section 169 of the Constitution of the state of Mississippi. From the ruling of the court in the Town case, we are satisfied that a demurrer to the affidavit would have been sustained in this case had one been filed, or if the atten-

tion of the court had been called to the omissions in the affidavit.

If the court adheres to the rule announced in the case of *Love* v. *State,* 8 So. 465, and followed in the cases of *State* v. *Morgan,* 79 Miss. 659; *Miller* v. *State,* 81 Miss. 162, and *Starling* v. *State,* 90 Miss. 255, the affidavit is fatally defective, but should the court see proper to adopt the rule laid down in the case of *Frisbie* v. *United States,* 39 L. Ed. 667, in which the court said: ''So far as respects the objection that the count does not conclude that the offense charged was contrary to the form of the statutes in such cases made and provided and against the peace and dignity of the United States, it is sufficient to say that such allegation, which is one of a mere conclusion of law, is not of the substance of the charge, and the omission is but a mere matter of form, which does not tend to the prejudice of the defendant, and is, therefore, within the rule of section 1025 of the Revised Statutes (U. S. Comp. St. 1901, p. 720), to be disregarded,'' the case should be affirmed.

ANDERSON, J., delivered the opinion of the court.

Appellant, Clovis Clingan, was tried and convicted before a justice of the peace of Tishomingo county, of the charge of having in his possession intoxicating liquors, from which judgment he appealed to the circuit court of that county, where he was again tried and convicted and sentenced to pay a fine of one hundred and fifty dollars and sixty days' imprisonment, from which judgment he prosecutes this appeal.

The only assignment of error necessary to notice is that the affidavit charging appellant with the crime of which he was convicted fails to conclude, as required by section 169 of the Constitution, ''against the peace and dignity of the state.''

The assistant attorney-general concedes, in his brief for the state, that unless *Love* v. *State* (Miss.), 8 So. 465,

*State* v. *Morgan,* 79 Miss. 659, 31 So. 338, and *Miller* v. *State,* 81 Miss. 162, 32 So. 951, are overruled the affidavit is void and this case should be reversed.

In the Love case it was held that where an indictment, information, or affidavit charging crime failed to conclude in accordance with this constitutional requirement it was fatally defective, even on motion in arrest of judgment. In discussing this question the court in that case, among other things, said:

"We must believe that the provision we are consider-ing means that all indictments and informations, and af-fidavits upon which criminal prosecutions are based, must conclude 'against the peace and dignity of the state of Mississippi.' It is true, even then, the provision appears to us to be idle and meaningless, but we find it in the fundamental law, and we cannot disregard it. The affi-davit in the case at bar wholly neglects and contemns this requirement, and is fatally defective."

We heartily agree with what the court said in that case in criticism of this constitutional requirement. But we cannot apply the doctrine of harmless error to the extent of overturning the Constitution.

The same question is involved in the case of Hose Orick handed down with the present case and is disposed of in like manner.

*Reversed and remanded.*