577 So.2d 392 (1991)
Herman Boyd KNIGHT
v.
STATE of Mississippi.
No. 89-KA-1012.
Supreme Court of Mississippi.
April 3, 1991.
Charles D. Easley, Jr., Walters & Easley, Columbus, for appellant.
*393 Mike C. Moore, Atty. Gen., Charles W. Maris, Jr., Sp. Asst. Atty. Gen., Jackson, for appellee.
Before ROY NOBLE LEE, C.J., and PRATHER and ROBERTSON, JJ.
ROY NOBLE LEE, Chief Justice, for the Court:
Herman Boyd Knight was indicted, tried and convicted in the Circuit Court of Lowndes County, Mississippi, for the aggravated assault of Willie C. Heard. On September 5, 1989, he was sentenced to serve a term of twelve (12) years in the custody of the Mississippi Department of Corrections and he appeals from the conviction and sentence to this Court, assigning three (3) errors in the trial below.

FACTS
On December 11, 1988, Willie C. Heard, a black male, was shot in the face, by Herman Boyd Knight, a white male, at the Jones Motel. The Jones Motel is located in Lowndes County and contains an area which operates as a restaurant and bar. Heard testified that he had entered the restaurant and bar section of the Jones Motel, in the evening, and placed an order for a sandwich and some cigarettes. While waiting for his sandwich, Heard went into the adjacent room which contained some pool tables, where he encountered Knight. According to Heard, he asked Knight if he would like to play a game of pool. Knight failed to answer Heard and thereafter shot Heard in the right side of the face, for no apparent reason.
Knight testified that he was from Haleyville, Alabama, and that he was in Lowndes County working on a construction job in Hamilton, Mississippi. Knight stated that he was currently residing with his fiance, Quinell Godsey, in the Enlow Trailer Park which was down the road from the Jones Motel. According to Knight, he and his fiance had arrived that night, for the first time, at the Jones Motel to play a game of pool. Knight testified that he played Heard two games of pool and won both games, at which point Heard began to get "ugly."
Knight claims that Heard began taunting him and speaking in a derogatory way about him and white folks; that Knight left to go and sit by his girlfriend and that Heard beat him to the seat and sat between them; that Heard began to try to kiss Knight's girlfriend and after the third time turned to Knight and said, "What you going to do now, white boy?"; and that he, Knight, then shot Heard.
Immediately after the shooting, Knight and his fiance left the Jones Motel and went to the Enlow Trailer Park. Shortly thereafter, the police arrived. Knight's fiance, upon request, told the police where the gun was located in the trailer. The police then arrested Knight and took his statement.
During the trial, Knight testified that he had previously been convicted in Florida of aggravated assault on a man whom Knight said was molesting his daughter. The Lowndes County jury returned a verdict of guilty against Knight for the aggravated assault of Heard. On September 5, 1989, Knight was sentenced to serve twelve years in the custody of the Mississippi Department of Corrections for the Heard shooting.
I. Herman B. Knight was denied his right to effective assistance of counsel as guaranteed by the United States Constitution, the Mississippi Constitution of 1890 and appropriate court decisions having their foundation on said Constitutional guarantees.
II. The verdict of the jury is contrary to the great weight of the evidence.
III. The lower court committed reversible error by failing to sustain Knight's motion for a new trial.

LAW

I.
Knight contends that he was denied effective assistance of counsel because of his attorney's failure to file any pretrial discovery; ineffective cross-examination by his attorney; failure to object to the State's examination of certain witnesses; ineffective *394 jury instructions; ineffective polling of the jury; and an ineffective post trial motion.
An ineffective assistance of counsel claim must face the test set forth in Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984). In Strickland, the United States Supreme Court established a two pronged test required to prove the ineffective assistance of counsel, i.e., the defendant must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. See Handley v. State, 574 So.2d 671 (Miss. 1990); Leatherwood v. State, 539 So.2d 1378 (Miss. 1989); Byrd v. State, 522 So.2d 756 (Miss. 1988); Merritt v. State, 517 So.2d 517 (Miss. 1987); Wiley v. State, 517 So.2d 1373 (Miss. 1987); King v. State, 503 So.2d 271 (Miss. 1987); Evans v. State, 485 So.2d 276 (Miss. 1986); Caldwell v. State, 481 So.2d 850 (Miss. 1985); Leatherwood v. State, 473 So.2d 964 (Miss. 1985).
In Powell v. State, 536 So.2d 13, 16 (Miss. 1988), the Court held that the mere fact that an attorney did not file a motion for discovery is not sufficient to raise an ineffective assistance of counsel claim. Knight's complaint regarding ineffective cross-examination relates to rebuttal testimony of Heard. Knight neither points out in what respect it was deficient, nor how it prejudiced his defense, nor that Knight's counsel had already cross examined Heard during the State's case in chief.
Knight complains that jury instruction D-2 stated the wrong burden of proof. However, D-2 was withdrawn by his counsel before the case was submitted to the jury. He also contends that counsel was ineffective in that he did not request a self defense instruction. However, Knight did not testify that he shot Heard in self defense. He testified that he had warned Heard that if he kissed his fiance again he would shoot him, which Knight said he did. In his claims of ineffective assistance of counsel, Knight simply failed to show that any such deficiency, as claimed, prejudiced his defense.

II. and III.
Knight contends that the verdict of the jury should be set aside as being against the overwhelming weight and that his denial of a motion for new trial constitutes reversible error. We disagree. There is, in the record, substantial evidence of such quality and weight of the evidence that, having in mind the beyond a reasonable doubt burden of proof standard, reasonable and fair minded jurors in the exercise of impartial judgment might have reached different conclusions. The verdict of guilty is beyond our authority to disturb. McFee v. State, 511 So.2d 130, 133-34 (Miss. 1987). The testimony in this case presented an issue for the jury to determine as to the guilt of the appellant, Knight, and that issue was resolved against him. There being no reversible errors in the record, the judgment of the lower court is affirmed.
CONVICTION OF AGGRAVATED ASSAULT AND SENTENCE OF TWELVE (12) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AFFIRMED.
HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, PITTMAN, BANKS and McRAE, JJ., concur.