589 So.2d 1263 (1991)
Darnell IVY
v.
STATE of Mississippi.
No. 90-KA-1038.
Supreme Court of Mississippi.
November 13, 1991.
*1265 Wayne Milner, Alvin Binder, Binder Milner & Milner, Jackson, for appellant.
Mike C. Moore, Atty. Gen., Pat S. Flynn, Asst. Atty. Gen., Jackson, for appellee.
Before DAN M. LEE, P.J., and ROBERTSON and SULLIVAN, JJ.
SULLIVAN, Justice, for the Court:
Darnell Ivy was convicted and sentenced by the Circuit Court of Clay County, Mississippi, on two counts: COUNT I  possession of marijuana, in an amount greater than one ounce, with the intent to transfer and sentenced to serve a term of thirty (30) years in the custody of the Mississippi Department of Corrections and ordered to pay a fine of Fifty Thousand ($50,000.00) Dollars and court costs; and COUNT II  possession of cocaine with the intent to transfer and sentenced to serve a term of thirty (30) years and ordered to pay a fine of One Thousand ($1,000.00) Dollars. The sentences were to run concurrently.
Ivy filed a Motion for New Trial on September 24, 1990, asserting that the weight and sufficiency of the evidence did not support the jury verdict and that the verdict was against the overwhelming weight of the evidence. This motion was denied and Ivy now seeks to have his conviction overturned on the following issues:
1. His trial attorney was ineffective;
2. The sentence imposed by the court was in excess of that permitted by the statute; and
3. The jury's verdict of possession of marijuana with intent to transfer and possession of cocaine with intent to transfer was against the overwhelming weight of the evidence.

I.

WAS THE DEFENDANT'S TRIAL ATTORNEY INEFFECTIVE?
To be successful on an ineffective assistance claim, the defendant must meet the two-prong test set forth in Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984), and adopted by this Court. Knight v. State, 577 So.2d 392, 394 (Miss. 1991). The Strickland test requires a showing of (1) deficiency of counsel's performance (2) sufficient to constitute prejudice to the defense. McQuarter v. State, 574 So.2d 685, 687 (Miss. 1990). We must determine whether counsel's performance was both deficient and prejudicial based upon the totality of the circumstances. Carney v. State, 525 So.2d 776, 780 (Miss. 1988).
Ivy claims the failure to file any motion for discovery was ineffective assistance by his attorney. The filing of pre-trial motions is within the bounds of trial strategy and Ivy has provided no evidence tending to show that the omission complained of was anything other than counsel's trial strategy. Unlike Barnes v. State, 577 So.2d 840 (Miss. 1991), there is no allegation here of critical evidence that may have come to light as a result of discovery. Indeed, no reason has been stated as to why this omission constitutes deficient performance and this Court has said "... the mere fact that an attorney did not file a motion for discovery is not sufficient to raise an ineffective assistance of counsel claim." Knight v. State, 577 So.2d 392, 394 (Miss. 1991). The record further does not reflect any surprise to Ivy's counsel as a result of the state's case or its witnesses. Counsel was sufficiently familiar with the state's case and its witnesses that a discovery motion would not have elicited any change in the defense. Ivy has failed to meet either prong of the Strickland test with this contention.
Ivy argues that his attorney failed to test the validity of the search warrant before trial or to challenge the reliability of the confidential informant at trial and allowed all evidence resulting therefrom to be introduced by the State without objection. From the record before us, it appears that the search warrant in this case was valid. Police testified that the confidential informant had been reliable in the past and the informant's tip included specific details. *1266 The police testimony also reflected that the underlying facts and circumstances were before the Municipal Court Judge, who obviously found sufficient probable cause to issue a warrant. The importance of these points has previously been addressed by this Court. Meyer v. State, 309 So.2d 161, 165 (Miss. 1975); Wolf v. State, 260 So.2d 425, 428-29 (Miss. 1972). In light of all the facts available, it appears that a challenge to the validity of the search warrant would have been fruitless. Again Ivy fails to meet the burden of proof on the second prong of Strickland.
Ivy complains of his attorney's failure to object to the prosecution's remarks and argument that Ivy was "dealing dope." Counsel is allowed considerable latitude in the argument of cases. Craft v. State, 271 So.2d 735, 737 (Miss. 1973). The boundaries are well established, limiting counsel to the facts introduced in evidence, deductions and conclusions he may reasonably draw therefrom, and the application of the law to the facts. Davis v. State, 530 So.2d 694, 701-02 (Miss. 1988). The facts in evidence show that Ivy was in possession of over thirteen (13) pounds of marijuana and various paraphernalia commonly used in packaging drugs for sale and, therefore, the prosecutor and/or the jury could have reasonably concluded that Ivy was "dealing dope." This assignment of error is without merit.
In further support of his ineffective assistance of counsel claim, Ivy points to his attorney's failure to request a circumstantial evidence instruction. Such an instruction must be given when the evidence for the prosecution is wholly circumstantial. Keys v. State, 478 So.2d 266, 267 (Miss. 1985). While Ivy's conviction is based on a theory of constructive possession, it is not solely supported by circumstantial evidence. Both Chief of Police Ladd and Police Officer Moore provided the trial court with direct evidence that the drugs were within Ivy's constructive possession. No circumstantial evidence instruction was therefore required. This assignment of error is without merit.
Ivy also contends that erroneous jury instructions were given and his trial counsel did not object. The jury was given the choice of finding Ivy guilty of possession of marijuana with intent to transfer or finding him guilty of possession of less than one ounce of marijuana. The jury was not given the option of finding Ivy guilty of possession of marijuana in an amount greater than one ounce. Ivy now contends that this confused the jury and was not a full and clear statement of the law. We do not give jury instructions unless there is an evidentiary basis in the record for it. Davis v. State, 530 So.2d 694, 701 (Miss. 1988). The evidence of possession of more than thirteen pounds of marijuana was a sufficient basis for the "possession with intent to transfer" instruction. Keys v. State, 478 So.2d 266, 268 (Miss. 1985). The evidentiary basis for the "possession of less than one ounce" instruction was a small amount of marijuana actually found on Ivy's person when he was arrested.
There was no evidence introduced that Ivy intended the more than thirteen (13) pounds of marijuana for his own personal use; therefore, no instruction for mere possession in an amount greater than one ounce was warranted. Davis, 530 So.2d at 701. Omission of this instruction caused no confusion to the jury. Trial counsel's failure to object to the instructions was not deficient and resulted in no prejudice to Ivy.
Ivy then states that trial counsel should have demurred to the indictment because it did not specifically state whether Ivy was charged with possession of less than or more than a kilogram of marijuana. In fact, the indictment properly charged Ivy with possession of more than one ounce of marijuana with the intent to transfer. As the amount was not further specified, punishment for a conviction would be imposed under the statute, of those applicable, which provides for the lesser penalty. Broadus v. State, 392 So.2d 203, 205 (Miss. 1980). There is no merit to this assignment of error.
Finally, Ivy asserts that his trial counsel failed to preserve any error except that of the verdict being against the overwhelming *1267 weight of the evidence. None of the other allegations presented in this record constitute error, therefore there was nothing for counsel to preserve on appeal and whatever shortcomings may be attributable to defense counsel, they do not rise to the level required to prove ineffective assistance of counsel pursuant to Strickland. There is not a reasonable probability that without counsel's errors the outcome of the trial would have been any different. Reed v. State, 536 So.2d 1336, 1339 (Miss. 1988). Ivy's claim of ineffective assistance of counsel fails.

II.

WAS THE SENTENCE IMPOSED BY THE COURT IN EXCESS OF THAT PERMITTED BY STATUTE?
The sentence imposed by the trial court was in excess of that permitted by statute.
Sentence was imposed on Ivy pursuant to Section 41-29-139(b)(1), Miss. Code Ann. (Supp. 1988), and that was error. The record shows that Ivy was a first offender and had no prior felony record. Therefore, the maximum penalty which can be imposed for the marijuana possession is set forth in § 41-29-139(b)(2): twenty (20) years imprisonment and/or a maximum fine of thirty thousand dollars ($30,000.00). The trial judge actually sentenced Ivy to a term of thirty (30) years imprisonment and fine of $50,000.00 clearly exceeding the limits set by the statute. For this reason the sentence for the marijuana count must be vacated and remanded to the trial court for imposition of sentence in accordance with the statute.

III.

THE JURY'S VERDICT OF POSSESSION OF MARIJUANA WITH INTENT TO TRANSFER AND POSSESSION OF COCAINE WITH INTENT TO TRANSFER WAS NOT AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE.
To determine if a jury verdict is against the overwhelming weight of the evidence, this Court must accept as true the evidence which supports the verdict and will reverse only when convinced that the circuit court has abused its discretion in failing to grant a new trial. Thornhill v. State, 561 So.2d 1025, 1030 (Miss. 1989). The evidence showed that Ivy rented a motel room in which was found a large amount of marijuana, cocaine, and paraphernalia commonly used in packaging narcotics for sale. Ivy was the occupant of the room when the contraband was discovered and had rented the room for the preceding three nights under a false name. Additionally, small amounts of marijuana and cocaine were found on Ivy's person at the time of his arrest. Accepting all of this as true, the jury's guilty verdict is not against the overwhelming weight of the evidence. No unconscionable injustice will be worked by allowing this verdict to stand undisturbed.
Ivy claims that because he was not the owner of the premises where the drugs were found, constructive possession of the marijuana and cocaine in the motel room was not established, and additional incriminating circumstances are required to justify constructive possession. Fultz v. State, 573 So.2d 689, 690 (Miss. 1980). Incriminating circumstances abound in Ivy's case. Not only was the room currently registered to him when the drugs were found, there was also substantial evidence that Ivy had rented the room for the three previous nights under a false name. Even more incriminating, the beige canvas bag found in the attic space was printed with the "Bryan" logo  Darnell Ivy's place of employment for the past three years. The evidence connecting Ivy with the marijuana and cocaine found in room 135 is more than sufficient.
It is not necessary for the State to show that Ivy had intent to transfer the contraband as the quantity and nature of the contraband can establish an intent to sell. Coyne v. State, 484 So.2d 1018, 1021-22 (Miss. 1986).
The exact amount of cocaine found in room 135 was not made a part of the record, but the jurors were able to view the actual evidence at trial. They were given instructions on both possession of cocaine with intent to transfer and mere possession of cocaine. They were further instructed *1268 that the difference between the two charges is the intent to transfer. Whether there was sufficient evidence to infer intent to transfer was a jury issue on the weight of the evidence. The jury returned a verdict of guilty of possession of cocaine with the intent to transfer. This verdict is not so contrary to the overwhelming weight of the evidence that to leave it undisturbed would effect an unconscionable injustice. Benson v. State, 551 So.2d 188, 193 (Miss. 1989). There is no merit to this assignment of error.
The convictions for possession of marijuana with intent to distribute and possession of cocaine with intent to distribute are affirmed. The imposition of a thirty year sentence and a fine of fifty thousand dollars for the marijuana conviction was error and is vacated and remanded for imposition of a proper sentence in accordance with the statute.
COUNT I: CONVICTION OF POSSESSION OF MARIJUANA, IN AN AMOUNT GREATER THAN ONE OUNCE, WITH THE INTENT TO TRANSFER IS AFFIRMED; SENTENCE OF THIRTY (30) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND PAYMENT OF A FINE OF FIFTY THOUSAND ($50,000.00) DOLLARS AND COURT COSTS IS VACATED AND REMANDED TO THE TRIAL COURT FOR IMPOSITION OF A PROPER SENTENCE IN ACCORDANCE WITH THE STATUTE.
COUNT II: CONVICTION OF POSSESSION OF COCAINE WITH THE INTENT TO TRANSFER AND SENTENCE OF THIRTY (30) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND PAYMENT OF A FINE OF ONE THOUSAND ($1,000.00) DOLLARS IS AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, PITTMAN, BANKS and McRAE, JJ., concur.