# IN THE COURT OF APPEALS 03/25/97

# OF THE

# STATE OF MISSISSIPPI

## NO. 94-KA-00932 COA

**EXSO CHANDLER**

**APPELLANT**

**v.**

**STATE OF MISSISSIPPI**

**APPELLEE**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND

MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-B

TRIAL JUDGE: HON. MARCUS D. GORDON

COURT FROM WHICH APPEALED: SCOTT COUNTY CIRCUIT COURT

ATTORNEY FOR APPELLANT:

PAT DONALD

ATTORNEY FOR APPELLEE:

OFFICE OF THE ATTORNEY GENERAL

BY: PAT FLYNN

DISTRICT ATTORNEY: KEN TURNER

NATURE OF THE CASE: CRIMINAL: SALE OF COCAINE

TRIAL COURT DISPOSITION: GUILTY: SENTENCED TO SERVE 25 YEARS IN THE MDOC

MANDATE ISSUED: 10/16/97

EN BANC:

DIAZ, J., FOR THE COURT:

Exso Chandler (Chandler), the Appellant, was convicted in the Scott County Circuit Court of sale of cocaine. Chandler was sentenced to serve twenty-five (25) years in the Mississippi Department of Corrections. Aggrieved from this judgment, Chandler appeals asserting the following issues: (1) that the lower court erred in failing to grant a directed verdict; (2) that the lower court erred in denying Chandler's proposed jury instruction on his entrapment defense; (3) that the lower court erred in overruling Chandler's objections to statements made by the State in its closing argument; (4) that the lower court erred in admitting statements into evidence and (5) that the lower court erred in admitting a tape into evidence. Finding no reversible error, we affirm the judgment.

## FACTS

On May 25, 1993, Jimmy Nichols, an investigator with the City of Forest Police Department met with a confidential informant to set up a drug purchase. Nichols provided the informant with $20.00 and a tape recorder, and the informant was sent out with instructions to purchase crack cocaine from Exso Chandler.

When the informant reached his destination, Chandler walked up to the vehicle. Chandler, who was an acquaintance of the informant, asked him what he was doing. The informant replied that he wanted to buy some rock, or cocaine. Chandler told him to "wait a minute" while Chandler went to a man standing a few feet away named Connie Hudson. Apparently, Chandler got the rock cocaine from Connie Hudson, and brought it back to the informant. At that point, Chandler gave the informant the rock cocaine, and in return, the informant handed Chandler $20.00.

After the transaction, the informant turned over the rock cocaine to Officer Nichols. Nichols in turn submitted it to the Mississippi Crime Laboratory where it tested positive as cocaine.

## DISCUSSION

### DIRECTED VERDICT/ JURY INSTRUCTION

Chandler argues that the trial court erred in refusing to grant him a directed verdict. The standard of review for criminal convictions and directed verdicts is to consider all the evidence in the light most favorable to the State. *Nicholson v. State*, 672 So. 2d 744, 752 (Miss. 1996).

In the present case, Chandler argues that he had proven a case of entrapment as his defense. Chandler contends that the lower court should have granted jury instruction D-9 that provides his defense of entrapment. The trial judge denied this instruction stating that he did not believe that Chandler had established a case for entrapment.

Our law on entrapment is well-settled. It has been defined as "the act of inducing or leading a person to commit a crime not originally contemplated by him, for the purpose of trapping him for the offense." *Walls v. State*, 672 So. 2d 1227, 1229 (Miss. 1996). The defense of entrapment is affirmative and must be proved by the defendant. *Id.* Before the defense can be raised, the defendant is required to show evidence of government inducement to commit the criminal act, and a lack of a

predisposition to engage in the criminal act before contact with the government agents. *Id.* (citations omitted).

Whether an issue should be submitted to the jury is determined by whether there is evidence, which if believed by the jury, could result in a favorable resolution of the issue for the party requesting the instruction. On the other hand, only if the evidence is so one-sided that no reasonable juror could find for the requesting party on the issue at hand, may the trial court deny an instruction on a material issue. *Id.* Therefore, whether the entrapment defense should have been submitted to the jury depends on whether there is credible evidence in the record supporting this defense, that is, whether there was sufficient evidence that a rational jury might have found for Chandler on the entrapment issue.

This Court has held that an entrapment instruction is not necessary where the defendant was merely asked to sell the substance and he was caught. *Id.* at 1231 (citations omitted). In the case at bar, as in the *Walls* case, Chandler was merely asked to sell cocaine to the informant, and he was caught. No one coerced or otherwise forced him to sell or deliver the cocaine to the informant. Therefore, we hold that the record failed to support a prima facie case of entrapment, and that the lower court did not err in refusing to submit this issue to the jury.

## CLOSING ARGUMENT

Chandler argues that the trial judge erred in allowing the prosecutor to make prejudicial comments during the State's closing argument.

The statements to which Chandler is objecting are:

> I am not going to get up and jump and holler about the cocaine problem in Scott County. If you have read the paper, if you keep up at all, you are aware of it. I don't have to jump up and down about it. All I want to do is point out that if anything is going to be done about it, this is the room--

> Defense objection overruled.

> You know, the police can go out and beat the streets and try to do something about the problem, but if we don't take care of it in the jury room, then it's not going to be taken care of.

> Defense objection overruled.

We have always given counsel wide latitude in their arguments to the jury. *Taylor v. State*, 672 So. 2d 1246, 1265 (Miss. 1996). Courts should be very careful in limiting the free play of ideas, imagery and the personalities of counsel in their argument to the jury. *Id.* at 1266. "The test to determine if an improper argument by a prosecutor requires reversal is whether the natural and probable effect of the prosecuting attorney's improper argument created unjust prejudice against the accused resulting in a decision influenced by prejudice." *Id.* at 1270. Any allegedly improper argument made by the State must be evaluated in context, taking into consideration the circumstances of the case when deciding the propriety of the comment. *Davis v. State*, 660 So. 2d 1228, 1248 (Miss. 1995).

Applying this test, it does not appear that there was reversible error in the present case. In the context of the entire record, we are unable to say that the comments made in the State's closing argument were of such substance as to have been capable of prejudicing Chandler to a fair trial. Therefore, we hold that the comments did not amount to reversible error.

## HENDERSON'S TESTIMONY

Chandler's next argument is that the trial court erred in allowing the confidential informant to testify about statements Chandler made to him. The informant was allowed to testify that Chandler asked the informant to lie for him (Chandler). At the hearing for the motion, Chandler argued that the statement should not have been admissible because it would introduce to the jury evidence of other criminal activity, that is, Chandler trying to get the informant to commit perjury, and, that it was not given to the defense during discovery.

We find this issue procedurally barred. According to the record, Chandler argued that he needed additional time to secure character witnesses to rebut the statement. The judge granted Chandler more time. When they returned after a break, Chandler made another motion regarding the admissibility of the tape made by the informant. Nothing further was said about the statements made by Chandler to the informant asking the informant to lie for him. The judge overruled the motion to exclude the tape, but apparently, no ruling was ever made on the original motion to exclude the statement. Furthermore, when the informant testified about the statements made to him by Chandler, no further objections were made by the defense.

In *Gayten v. State*, the supreme court considered an objection waived when the defendant failed to seek a ruling on a specific objection. In that case, the trial judge simply instructed the State to "Go ahead." *Gayten*, 595 So. 2d 409, 413 (Miss. 1992). Because no definitive ruling was made, and no corrective action was requested, the objection was waived. *Id.* This is the scenario with the present case. Therefore, we find this objection waived, and find no merit to this issue.

## TAPE-RECORDED EVIDENCE

Upon Chandler's insistence, defense counsel makes the final argument that the tape recording of the transaction between Chandler and the informant was inadmissible pursuant to § 41-29-501 et seq. of the Mississippi Code. The Wiretap Act provides that "no agency of the state or any political subdivision thereof, other than the Bureau of Narcotics, is authorized to by this article to own, possess, install, operate or monitor an electronic, mechanical or other device." Miss. Code Ann. § 41-29-507 (1972). Chandler contends that Officer Nichols was working for the City of Forest at the time, and that there was no one from the narcotics bureau monitoring the taped transaction.

The State first argues that the tape recorder used by the informant does not fit into the definition given by the statute. Section 41-29-501(f) states:

> Electronic, mechanical or other device means a device or apparatus *primarily* designed or used for the nonconsensual interception of wire or oral communications.

Miss. Code Ann. § 41-29-501(f) (1972) (emphasis added). We agree with this contention. The recorder used by the informant was simply a tape recorder. It certainly does not fall within the

meaning or intent of the statute. We find no merit to this argument.

**THE JUDGMENT OF CONVICTION IN THE SCOTT COUNTY CIRCUIT COURT OF SALE OF COCAINE AS A SECOND OFFENDER AND SENTENCE OF TWENTY-FIVE (25) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. COSTS OF THIS APPEAL ARE TAXED TO SCOTT COUNTY.**

**BRIDGES, C.J., McMILLIN AND THOMAS, P.JJ., HERRING, PAYNE, AND SOUTHWICK, JJ., CONCUR.**

**COLEMAN, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY KING, J.**

# IN THE COURT OF APPEALS 03/25/97

## OF THE

## STATE OF MISSISSIPPI

### NO. 94-KA-00932 COA

**EXSO CHANDLER**

**APPELLANT**

**v.**

**STATE OF MISSISSIPPI**

**APPELLEE**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND

MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-B

COLEMAN, J., DISSENTS:

I am confident that the scrivener of the majority opinion and my colleagues who concur in the majority opinion understand that I submit this dissent with utmost regard and deference for their opinion in this case; but my concern about what I perceive to be entirely inappropriate comments made by the district attorney during his closing argument prompts my dissent. I direct my dissent to that one issue because I think it sufficient reason to reverse the trial court's judgment of Chandler's guilt of the sale of cocaine and remand for a new trial. I also wish to supplement the majority's quotation of the prosecutor's comments by quoting the basis for Chandler's objection to the second statement:

> Your Honor, I object. He is indicating that unless this jury finds this man guilty, they are not doing their job, and that's not the law. We object to the argument.

Any counsel, including a prosecutor, is limited in his argument to facts introduced in evidence, deductions and conclusions he may reasonably draw therefrom, and the application of the law to the facts. *Ivy v. State*, 589 So. 2d 1263, 1266 (Miss. 1991). Therefore, while I accept the terms of the test to determine whether the trial court erred when it overruled Chandler's objections to these comments, I conclude from applying the test that these comments by the prosecutor so prejudiced Chandler's right to a fair trial that reversal and remand of the trial court's judgment of Chandler's guilt of the sale of cocaine remains necessary.

In *Williams v. State*, 522 So. 2d 201, 209 (Miss. 1988) the Mississippi Supreme Court declined to reverse Williams' conviction of murder on the ground that the prosecutor had engaged in improper closing argument because it could not "examine the closing arguments to determine the circumstances surrounding the remark because the transcript was omitted at the request of defense counsel." Nevertheless, the supreme court opined:

> The jurors are representatives of the community in one sense, but they are not to vote in a representative capacity. Each juror is to apply the law to the evidence and vote accordingly. The issue which each juror must resolve is not whether or not he or she wishes to "send a message" but whether or not he or she believes that the evidence showed the defendant to be guilty of the crime charged. The jury is an arm of the State but it is not an arm of the prosecution. The State includes both the prosecution and the accused. The function of the jury is to weigh the evidence and determine the facts.

*Id.* To be sure, the prosecutor in the case *sub judice* did not directly utter the talisman phrase, "send a message;" but his inference was unmistakable that a verdict of not guilty would mark the jurors as unconcerned about the "cocaine problem in Scott County" and non-supportive of the police, "who can go out and beat the streets and try to do something about the [cocaine] problem."

Respectfully, neither of these inferences relate in any way to the issues of whether Chandler was guilty of the sale of cocaine. Instead, these statements made by the prosecutor in his closing argument tended to brand responsible citizens who undertake the solemn responsibility of jury service as unconcerned about society's plague of drug abuse and non-supportive of law enforcement officers who do their duty, often at appreciable risk of personal harm or worse, and always at personal sacrifice, if they as jurors returned a verdict of "Not guilty."

Because I find the prosecutor's statements to be overt appeals to the jurors' fears and anxieties rather than related to the evidence of Chandler's guilt, the effect of which was to deny him a fair trial, I dissent and submit that the trial court's judgment of the Appellant's guilt ought to be reversed and this case remanded for a new trial.

**KING, J., JOINS THIS SEPARATE WRITTEN OPINION.**