# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 96-CA-00617-SCT

*CARY A. CLARK*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 05/16/96 |
| TRIAL JUDGE: | HON. KOSTA N. VLAHOS |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | WOODROW W. PRINGLE, III |
| ATTORNEY FOR APPELLEE: | SCOTT STUART |
| DISTRICT ATTORNEY: | CONO CARANNA |
| NATURE OF THE CASE: | CIVIL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 12/8/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 12/31/97 |

**BEFORE SULLIVAN, P.J., SMITH AND MILLS, JJ.**

**SULLIVAN, PRESIDING JUSTICE, FOR THE COURT:**

Cary Clark was indicted on two counts of embezzlement by the Harrison County Grand Jury during the March Term of 1982 in Cause Numbers 18, 357 and 18,358. The two counts were charged in separate indictments, each with an attachment alleging Clark's status as a habitual offender. When the State rested in the first trial Clark made a motion for a directed verdict which was overruled, and at that point Clark pled guilty in Cause Number 18,358 and was sentenced as a habitual offender to serve ten years in the Mississippi Department of Corrections. Thereafter Clark pled guilty in Cause Number 18,357, after the habitual offender portion of that indictment was deleted. Clark was sentenced to serve an additional ten years in Cause Number 18,357. Both sentencing orders were entered on March 22, 1983.

After this Court's decision in *McNeal v. State*, 658 So.2d 1345 (Miss. 1995), Clark filed a petition for post conviction relief in which he alleged that his indictments were defective, because they did not conclude with the phrase "against the peace and dignity of the State," as required by Section 169 of the Mississippi Constitution. Circuit Court Judge Kosta N. Vlahos denied Clark's PCR motion on May 16, 1996, finding that Clark had waived any indictment defect by failing to object at trial.

Clark appeals that decision to this Court and alleges that he was entitled to an evidentiary hearing, and that the trial judge should have granted him post conviction relief based on *McNeal v. State*.

Clark attempts to bring his claim that he was entitled to an evidentiary hearing under the umbrella of this Court's decision in *McCreary v. State*, 582 So.2d 425 (Miss. 1991). In *McCreary*, we reversed the circuit court's dismissal of the prisoner's motion for post conviction relief on the grounds that he had presented sufficient affidavits supporting his claim of involuntary and unknowing guilty plea to meet the pleadings requirement under the Post-Conviction Relief Act. *McCreary*, 582 So.2d at 427.

Unlike *McCreary*, here the trial judge could safely dismiss Clark's PCR motion based upon the evidence before the court and without a hearing. Where there is no dispute of fact, and the sole issue is a question of law, "no evidentiary hearing is required, and the Circuit Court may and should act summarily." *Milam v. State*, 578 So.2d 272, 273 (Miss. 1991) (citations omitted). The sole issue before Judge Vlahos was the legal question of whether Mississippi law required reversal of Clark's sentences due to the attachments of the habitual offender portions of his indictments after the mandatory concluding language. This being the case no evidentiary hearing was required.

The facts in Clark's case are the same as the facts in *McNeal*. The habitual offender portion of the indictments were attached on a separate page marked Exhibit A. However, as Judge Vlahos found, Clark waived the defect in his indictments by failing to object at trial. *Brandau v. State*, 662 So.2d 1051, 1053-55 (Miss. 1995). When a formal defect in an indictment is curable by amendment, such a defect is subject to waiver for failure to object. *Id*. at 1055. Our opinion in *Brandau* sufficiently answers Clark's *McNeal* question.

We also point out that in Cause Number 18,357, the habitual offender portion of the indictment was deleted by court order on March 22, 1983. Any claim he might have therefore regarding the indictment in Cause Number 18,357 is totally without merit.

The State also asserts that Clark's PCR motion is barred by the three year statute of limitations. Miss. Code Ann. § 99-39-5(2) (1994). One of the exceptions to the time bar is an intervening decision of this Court which would have caused a different result in the petitioner's conviction or sentence. *Id*. However, "this exception applies only to those decisions that create *new* intervening rules, rights, or claims that did not exist at the time of the prisoner's conviction or during the three (3) year period circumscribed by the statute of limitations." *Patterson v. State*, 594 So.2d 606, 608 (Miss. 1992). The *McNeal* decision does not fall under the intervening law exception, because in *McNeal* this Court only reiterated a long-standing rule of law in this state that failure to conclude an indictment with the mandatory constitutional language renders it fatally defective. *Miller v. State*, 81 Miss. 162, 163, 32 So. 951, 952 (1902); *State v. Morgan*, 79 Miss. 659, 661-62, 31 So. 338, 338-39 (1902); *Clingan v. State*, 135 Miss. 621, 624, 100 So. 185, 185 (1924); *Love v. State*, 8 So. 465, 465 (Miss. 1891). Moore was convicted and sentenced on March 22, 1983, before the April 17, 1984, Mississippi Uniform Post-Conviction Collateral Relief Act enactment date, so his deadline for filing under the statute was April 17, 1987. *Campbell v. State*, 611 So.2d 209, 210 (Miss. 1992). Since he waited until May 7, 1996, to file his PCR motion, it is time barred.

Denial of post conviction relief affirmed.

**LOWER COURT'S DENIAL OF POST CONVICTION RELIEF AFFIRMED.**

**LEE, C.J., PRATHER, P.J., PITTMAN, BANKS, McRAE, ROBERTS, SMITH AND MILLS, JJ., CONCUR.**