## IN THE SUPREME COURT OF MISSISSIPPI
## NO. 96-CA-00985-SCT

*CLARENCE PETERSON a/k/a ELECTRIC HEAD*

*v.*

*STATE OF MISSISSIPPI*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

| | |
|---|---|
| DATE OF JUDGMENT: | 08/20/96 |
| TRIAL JUDGE: | HON. GRAY EVANS |
| COURT FROM WHICH APPEALED: | SUNFLOWER COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: DEWITT ALLRED, III |
| DISTRICT ATTORNEY: | FRANK CARLTON |
| NATURE OF THE CASE: | CIVIL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 11/6/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 12/1/97 |

**BEFORE SULLIVAN, P.J., ROBERTS AND SMITH, JJ.**

**SMITH, JUSTICE, FOR THE COURT:**

On June 10, 1991, Clarence Peterson was convicted in the Sunflower County Circuit Court for the sale of cocaine. Peterson was sentenced as a habitual offender to a term of ten years, without the possibility of parole, in the custody of the Mississippi Department of Corrections.

On August 2, 1996, Peterson filed a petition for post-conviction relief in the Sunflower County Circuit Court. In his petition, Peterson alleged that the indictment on which he was arrested was defective because it did not conclude with the words "against the peace and dignity of the State of Mississippi." After conducting an evidentiary hearing, the trial court denied the petition. Peterson now appeals to this Court from the denial of his petition.

**FACTS**

On June 10, 1991, after entering a plea of guilty, Clarence Peterson was convicted by the Sunflower County Circuit Court for the sale of cocaine. Peterson was subsequently sentenced by the trial court as a habitual offender to a term of ten years, without the possibility of parole, in the custody of the Mississippi Department of Corrections.

In October of 1991, Peterson filed a petition for post conviction relief in the Sunflower County Circuit Court. In his petition, Peterson moved to have the habitual offender portion of his indictment vacated. On October 31, 1991, the trial court denied relief to Peterson, and on appeal to the Supreme Court, this Court affirmed the trial court's denial of post-conviction relief.

On August 2, 1996, Peterson filed a Motion for Relief Pursuant to the Mississippi Uniform Post-Conviction Collateral Relief Act. In his motion, Peterson alleged that the sentence imposed on him was in violation of his rights because the indictment on which he was arrested did not conclude with, as required by Article 6, Section 169 of the Mississippi Constitution of 1890, "against the peace and dignity of the state." Specifically, Peterson alleged that since the habitual offender portion of the indictment followed the phrase "against the peace and dignity of the state," he should not have been sentenced as a habitual offender. Additionally, Peterson made an ore tenus motion at the evidentiary hearing to amend his petition to include a claim of ineffective assistance of counsel in that his attorney failed to object to the habitual offender portion of the indictment, and the trial court granted the motion to amend the petition.

On August 20, 1996, the trial court entered an order denying Peterson post-conviction relief. The trial court found that "Defendant has previously filed a post conviction collateral relief motion which has been denied, that his motion is time barred by the statute and that the defect, if any, was waived by the failure of the Defendant to demur to the indictment and the entry of a guilty plea."

Aggrieved, Peterson now appeals to this Court, citing the following issue:

**WHETHER PETERSON WAS DENIED HIS CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL.**

### DISCUSSION OF LAW

*PROCEDURAL BARS*

In denying Peterson's Motion for Relief Pursuant to the Mississippi Uniform Post-Conviction Collateral Relief Act, the trial court found that Peterson's motion was time barred and barred as a successive writ. However, Peterson contends that his petition for post-conviction relief is not time barred or barred as a successive writ because it falls within one of the statutory exceptions.

Miss. Code Ann. § 99-39-5(2) provides the time restrictions for the filing of a petition for post-conviction relief as follows:

> A motion for relief under this chapter shall be made within three (3) years after the time in which the prisoner's direct appeal is ruled upon by the supreme court of Mississippi or, in case no appeal is taken, within three (3) years after the time for taking an appeal from the judgment of conviction or sentence has expired, or in case of a guilty plea, within three (3) years after entry of the judgment of conviction.

Miss. Code Ann. § 99-39-5(2) (1994). In addition, Miss. Code Ann. § 99-39-5(2) provides the following as statutory exceptions to the time bar: (1) an intervening decision which would have adversely affected the outcome of the prisoner's conviction or sentence; (2) newly-discovered evidence; and (3) expiration of the prisoner's sentence or unlawful revocation of prisoner's probation, parole or conditional release. Miss. Code Ann. § 99-39-5(2) (1994). Peterson's current request for post-conviction relief was filed over five years after his pleading guilty and being convicted and sentenced for the sale of cocaine. Thus, Peterson's petition for post-conviction relief is time barred unless it falls within one of the above exceptions.

Miss. Code Ann. § 99-39-23(6) provides that "[A]ny order dismissing the prisoner's motion or otherwise denying relief under this chapter is a final judgment and shall be conclusive until reversed. It shall be a bar to a second or successive motion under this chapter." Miss. Code Ann. § 99-39-23(6) (1994). Also, "[t]he dismissal or denial of an application under this section is a final judgment and shall be a bar to a second or successive application under this chapter." Miss. Code Ann. § 99-39-27(9) (1994). Statutory exceptions to this successive writ bar are: (1) an application filed pursuant to § 99-19-57(2) which raises the issue of the prisoner's supervening insanity prior to the execution of a sentence of death; (2) an intervening decision which would have adversely affected the outcome of the prisoner's conviction or sentence; (3) newly-discovered evidence; and (4) expiration of the prisoner's sentence or unlawful revocation of his probation, parole or conditional release. Miss. Code Ann. § 99-39-23(6), -27(9) (1994). Peterson filed his first motion in October 1991 in which relief was denied by the trial court and by this Court on appeal. Therefore, since this is Peterson's second petition, it is barred as a successive writ unless one of the above exceptions apply.

However, Peterson contends that his second petition for post-conviction relief is not time barred or barred as a successive writ because of an intervening decision that would have adversely affected the outcome of his conviction or sentence. Peterson relies on this Court's recent decision in *McNeal v. State*, 658 So. 2d 1345, 1350 (Miss. 1995), which held that the habitual offender portion on the second page of an indictment was invalid because the mandatory phrase "against the peace and dignity of the State of Mississippi" followed only the charging language of the indictment on the first page, as the "intervening decision".

Peterson's reliance on the "intervening decision" exception is understandable given that his claim is time barred and barred as a successive writ in the absence of this exception. However, Peterson's assertion that *McNeal* is an intervening decision that would qualify for this exception is without merit. This Court has held that an intervening decision exception "applies only to those decisions that create **new** intervening rules, rights, or claims that did not exist at the time of the prisoner's conviction or during the three (3) year period circumscribed by the statute of limitations." *Patterson v. State*, 594 So. 2d 606, 608 (Miss. 1992) (emphasis in original). The inmate in *Patterson* relied upon a decision which enforced the mandates of the pre-existing Mississippi criminal court rules. In concluding that the decision relied on by Patterson was not an "intervening decision," this Court stated that the alleged "intervening decision" "simply recognized and applied a pre-existing rule, a rule that had been in existence for at least four years when Patterson entered his 1983 plea of guilty." *Id*. at 608. Similarly, *McNeal* applied the pre-existing Mississippi Constitution as well as a pre-existing rule of law. Moreover, *McNeal* reiterated this Court's previous holdings in *Love v. State*, 8 So. 465 (Miss. 1891), and *Clingan v. State*, 135 Miss. 621, 100 So. 185 (1924), regarding the

mandatory phrase provisions in the Mississippi Constitution of 1890.

Similar to *Patterson*, Peterson is seeking relief from his attorney's alleged ineffective assistance of counsel for failing to request the trial court or this Court to enforce a constitutional provision and a rule of law that was available to his attorney on the day he entered his guilty plea and throughout the three (3) year statutory time limitation. Thus, *McNeal* is not an intervening decision that would lift the procedural bars against Peterson and provide him relief under a claim of ineffective assistance of counsel because *McNeal* did not create any "**new** intervening rules, rights, or claims that did not exist at the time of the prisoner's conviction or during the three (3) year period circumscribed by the statute of limitations." *Patterson*, 594 So. 2d at 608 (emphasis in original). As a result, Peterson's petition is both time barred and barred as a successive writ.

Alternatively, Peterson's assigned issue of error fails on the merits.

### WHETHER PETERSON WAS DENIED HIS CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL.

At Peterson's evidentiary hearing, Peterson made an ore tenus motion to include this claim of ineffective assistance of counsel. Peterson now contends that he was unconstitutionally denied his right to effective assistance of counsel when his trial attorney did not object to the habitual offender portion of the indictment charging him as being in violation of Article 6, Section 169 of the Mississippi Constitution of 1890 before trial, at trial, and on direct appeal. Peterson further claims that his attorney's ineffectiveness resulted in prejudice against him for he has had to serve a mandatory sentence which he otherwise would not have been made to serve.

In order for Peterson to prevail on his claim of ineffective assistance of counsel, he must satisfy the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984), and adopted by this Court. *Knight v. State*, 577 So. 2d 392, 394 (Miss. 1991). The *Strickland* test requires a showing of (1) whether counsel's overall performance was deficient and (2) whether the deficient performance, if any, prejudiced the defense. *Cole v. State*, 666 So. 2d 767, 775 (Miss. 1995). This Court has also held that "[t]he adequacy of counsel's performance, as to its deficiency and prejudicial effect, should be measured by a 'totality of the circumstances.'" *Taylor v. State*, 682 So. 2d 359, 363 (Miss. 1996) (quoting *Cole*, 666 So. 2d at 775). In addition, "[t]here is a strong but rebuttable presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Holland v. State*, 656 So. 2d 1192, 1197 (Miss. 1995) (citing *Carney v. State*, 525 So. 2d 776, 780 (Miss. 1988); *Gilliard v. State*, 462 So. 2d 710, 714 (Miss. 1985)).

Peterson alleges that his counsel's performance was deficient for counsel's failure to object to the indictment under which Peterson was arrested as being defective because the habitual offender portion did not conclude with the mandatory phrase "against the peace and dignity of the State of Mississippi" as required by Article 6, Section 169 of the Mississippi Constitution of 1890. In *McNeal v. State*, this Court held that where the habitual offender portion of an indictment follows the mandatory phrase "against the peace and dignity of the State of Mississippi" and does not conclude with such language, that portion of the indictment is fatally defective. *McNeal v. State*, 658 So. 2d 1345, 1350 (Miss. 1995). Thus, Peterson's counsel was deficient in not objecting to the habitual offender portion of the indictment in which Peterson was arrested and sentenced as a habitual offender.

However, in order to prevail on a claim of ineffective assistance of counsel, Peterson must also satisfy the second prong of the *Strickland* test which provides that Peterson must show that counsel's deficient performance prejudiced his defense. *Cole*, 666 So. 2d at 775. The burden of proof under both prongs of the *Strickland* test rests with the defendant, Peterson. *Taylor*, 683 So. 2d at 363. Peterson has failed to meet this second prong and show that his defense was prejudiced by his counsel's deficient performance.

Peterson contends that as a result of his counsel's ineffective assistance he is being forced to serve a mandatory sentence which he would not have had to serve had his attorney not been deficient. Peterson further contends that it is unreasonable to just assume that had the attorney objected to the defective habitual portion that the indictment would have been amended by the trial court. Peterson asserts that the indictment could not have been amended by the trial court because amendment of the indictment would amount to a change in substance and not mere form. As such, Peterson contends that there absolutely exists no surety that the Grand Jury would have re-indicted Peterson as a habitual offender.

However, this Court, in *Brandau v. State*, held that where a habitual offender portion of an indictment follows the concluding language "against the peace and dignity of the State of Mississippi" such "formal defect is curable by amendment." *Brandau v. State*, 662 So. 2d 1051, 1055 (Miss. 1995). Thus, Peterson can not say that his defense was prejudiced by his counsel's failure to object to the habitual offender portion of the indictment because even if his counsel had objected, the prosecutor could have easily had the indictment amended by the trial court, and Peterson would have been convicted as a habitual offender anyway. Therefore, without showing any other prejudice, Peterson can not satisfy the second prong of the *Strickland* analysis, and as a result, we hold that his claim of ineffective assistance of counsel fails on the merits.

## CONCLUSION

We affirm the trial court's denial of post-conviction relief because (1) Peterson's petition is both time barred and barred as a successive writ; and (2) Peterson's claim of ineffective assistance of counsel additionally fails on the merits, for Peterson has failed to show that his defense was prejudiced by his counsel's performance.

**DENIAL OF POST-CONVICTION RELIEF AFFIRMED.**

**LEE, C.J., PRATHER AND SULLIVAN, P.JJ., PITTMAN, BANKS, McRAE, ROBERTS AND MILLS, JJ., CONCUR.**