¶ 1. In the Circuit Court of DeSoto County, Travis Snider was convicted of the sale of less than one ounce of marijuana in violation of Miss. Code Ann. § 41-29-139 (a)(1) (1972), and wassentenced as a second offender under Miss. Code Ann. § 41-29-147(1972) to six years in the custody of the Mississippi Departmentof Corrections to be served consecutively to time served onrevocation. He appeals asserting that: 1) the trial court shouldhave granted a mistrial after a police officer testified that hehad seen or visited him in jail on another charge, 2) the trialcourt should have sustained his objection to the testimony of aconfidential informant that drugs kill people and kids and thatsomeone has to pay for it, and 3) the verdict was against theweight of the evidence.
 FACTS
¶ 2. On Saturday, March 1, 1997, Agent Gary Carmon and Agent Gary Smith of the DeSoto County Metro Narcotics Task Force [Task Force] and confidential informant Ravi Goin planned to purchase drugs from Snider. Smith drove an undercover vehicle with Goin as a passenger, while Carmon and another agent drove in another vehicle that would remain some distance away. Goin did not wear a microphone or tape recorder, but the two vehicles were in contact. At approximately 9:40 p.m., Goin left the vehicle and walked to Snider's apartment door. Goin knocked on the door, and Snider opened the door far enough for Goin to pass money inside and receive marijuana in exchange, but the door was never opened far enough for Smith to see who was in the apartment. Goin returned the vehicle with a plastic bag that was later determined to contain 23.5 grams of marijuana. Subsequently, on May 29, 1997, Snider was indicted for the sale of less than one ounce of marijuana, and he was tried and convicted in December of that year.
 ANALYSIS 1. MOTION FOR MISTRIAL
¶ 3. On direct examination of Carmon, the state asked a series of questions explaining to the jury that because the police officers employed by the Task Force were often known to drug dealers in DeSoto County, the drug dealers would only sell drugs to the Task Force's confidential informants, and because the confidential informants were often used to make purchases of drugs from a number of drug dealers, individuals were not immediately arrested, but rather many indictments were sought from the grand jury at one time. As part of this series of questions, the prosecutor asked, "And did you take Mr. Snider to the grand jury rather than arresting him?" Carmon answered, "I believe I went on and served a warrant on him. He was in jail on another charge or something like that. I can't remember what happened on that."
¶ 4. The defense promptly objected, and the jury was taken to the jury room while the trial court heard discussion on the objection. The defense argued that because Carmon's statement interjected evidence of other criminal activity, the trial court should have declared a mistrial. M.R.E. 404 (b) provides:
 [e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It *Page 510 
may, however, be admissible for other purposes such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident.
See also Bounds v. State, 688 So.2d 1362, 1369 (Miss. 1997).
¶ 5. As Carmon's response did not go to any enumerated permissible use of prior bad acts, it was inadmissible as evidence. However, a witness's response which improperly refers to evidence of bad acts does not mandate a trial court grant a mistrial. Rather, pursuant to Uniform Circuit and County Court Rule 3.12, the trial court should determine whether the response has caused "irreparable prejudice" to the defendants case. In a markedly similar case the supreme court stated:
 [t]he trial judge, who is in the best position to determine if a remark is truly prejudicial, is given considerable discretion to determine whether a remark creates irreparable prejudice necessitating a mistrial. Where the remark creates no irreparable prejudice, then the trial court should admonish the jury to disregard the improper remark. (citation omitted.) Such remedial acts of the trial court are usually deemed sufficient to remove any prejudicial effect from the minds of the jurors. The jury is presumed to have followed the instructions of the trial court. (citation omitted.)
Reynolds v. State, 585 So.2d 753, 754 (Miss. 1991). See alsoJones v. State, 724 So.2d 1066, 1069 (Miss.Ct.App. 1998).
In this case, the trial court correctly sustained Snider's objection. The trial court went on not only to admonish the jury to disregard Carmon's response but also polled the jury to determine whether "irreparable prejudice" had resulted. Upon this record, there is no error.
 2. OBJECTION TO GOIN'S TESTIMONY
¶ 6. During the direct examination of Goin, the prosecutor asked, "why did you begin working for DeSoto County Metro Narcotics?" Goin answered:
 [t]he war of drugs. I mean, my past. I've had a prior history of knowing of people doing, dealing drugs, various types of drugs, and it's killing people. It's killing kids. It's corrupting kids. Somebody has got to pay for it.
Snider objected that this question was irrelevant. The trial court then stated, "All right. Move on to something else." On appeal, Snider contends that Goin's response "inflamed the passion of the jury" thereby denying him his right to a fair trial under Article III, Section 6 of the Constitution of the State of Mississippi and the Sixth Amendment to the Constitution of the United States. From the record, it is unclear whether the trial court overruled Snider's objection or whether the trial court sustained it and simply directed the prosecution to move to another line of questioning.
¶ 7. Firstly, a defendant has a duty to insist upon a ruling upon a motion, and failure to do so waives the issue. Hemingway v. State,483 So.2d 1335, 1337 (Miss. 1986). In this case, Snider's attorney did not request the trial court be more explicit in its decision, and this failure waived the issue. Secondly, if a trial court sustains an objection to inadmissible evidence, the moving party has a duty to request a limiting instruction, and failure to request the instruction waives the issue. Holland v. State,705 So.2d 307, 342 (Miss. 1997). As such, even assuming the trial court sustained Snider's objection and simply instructed the prosecution to "move on" to another line of questioning, Snider had a duty to request a limiting instruction for the jury, and the failure to do so waived the issue.
¶ 8. More importantly, the question was not obviously irrelevant. During cross-examination of Goin, Snider attempted to discredit his testimony by inquiring as to how much money he was paid for being an informant, how many other cases he had been involved in, and whether he could *Page 511 
expect the Task Force to employ him if he admitted to lying in this case. Relevant evidence is:
 evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.
M.R.E. 401. See also Brent v. State, 632 So.2d 936, 944 (Miss. 1994) (scope of cross-examination going to previous bad acts not resulting in conviction but probative of witness's truthfulness); Proby v. State, 726 So.2d 264, 270 (Miss. 1988) (use of confidential informant's prior drug use to show motive for giving testimony for the state). As it was relevant for Snider to inquire into Goin's motivation for being an informant, so was it relevant for the state to do so to allow the jury to determine Goin's credibility.
 3. WEIGHT OF THE EVIDENCE
¶ 9. A motion for a peremptory instruction or judgment notwithstanding the verdict is properly denied when credible evidence could lead reasonable jurors to return the verdict. Mayv. State, 460 So.2d 778, 780-781 (Miss. 1984). In reviewing the sufficiency of the evidence, an appellate court must give the state the benefit of all favorable inferences that may have been drawn by the jury. Id. See also, McFee v. State, 511 So.2d 130, 133-134 (Miss. 1987). A motion for a new trial is addressed to the trial court's discretion and may be granted in the interest of justice or where the verdict is contrary to the overwhelming weight of the evidence. Neal v. State, 451 So.2d 743, 760 (Miss. 1984) (citing Uniform Criminal Rules of Circuit Court Practice 5.16).[1] An appellate court will not disturb a trial court's denial of a motion for a new trial, unless "the verdict is so contrary to the overwhelming weight of the evidence that, to allow it to stand would be to sanction an unconscionable injustice."Groseclose v. State, 440 So.2d 297, 300 (Miss. 1983).
¶ 10. In this case, only two witnesses with actual knowledge of whether Snider sold drugs to Goin testified, i.e. Snider and Goin. The scope of appellate review does not extend to reviewing a jury's determination of which witness is credible. Id. Because it was a decision for the jury whether to believe Snider or Goin, this assignment of error is without merit.
¶ 11. Having considered the three assigned errors, we find none have merit. The case is affirmed.
¶ 12. THE JUDGMENT OF THE DESOTO COUNTY CIRCUIT COURT OF THECONVICTION OF SALE OF A CONTROLLED SUBSTANCE, LESS THAN ONE OUNCEOF MARIJUANA, AND SENTENCE OF A TERM OF SIX YEARS AS A RECIDIVISTIN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS,SENTENCE SHALL RUN CONSECUTIVELY TO CAUSE #91203-B IS AFFIRMED.ALL COSTS OF THIS APPEAL ARE ASSESSED TO DESOTO COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P. JJ., BRIDGES, COLEMAN,IRVING, LEE, PAYNE, AND THOMAS, JJ., CONCUR.
[1] Now promulgated at Uniform Circuit and County Court Rule 10.05.